```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION


IN RE MENTOR CORP. OBTAPE       *    MDL Docket No. 2004
                                     4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS   *
                                     Case No.
LIABILITY LITIGATION            *    4:11-cv-5075 (S. Riley)
_____
```

O R D E R

Defendant Mentor Worldwide LLC ("Mentor") developed a suburethral sling product called ObTape Transobturator Tape ("ObTape"), which was used to treat women with stress urinary incontinence. Plaintiff Sharon Riley ("Mrs. Riley") was implanted with ObTape, and she asserts that she suffered injuries caused by ObTape. Mrs. Riley brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Mrs. Riley also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mrs. Riley's husband, Leland Riley ("Mr. Riley") asserts a derivative claim for loss of consortium. Mentor contends that Mr. and Mrs. Riley's tort claims must be merged into a single claim under the Indiana Product Liability Act. Mentor further contends that to the extent Mrs. Riley is attempting to assert separate contract-based claims, those claims fail. For the reasons set forth below, the Court agrees,

and Mentor's motion for partial summary judgment (ECF No. 43 in 4:11-cv-5075) is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## FACTUAL BACKGROUND

Viewed in the light most favorable to the Rileys, the record reveals the following.  Unless otherwise noted, the facts are undisputed for purposes of Mentor's summary judgment motion.

Mr. and Mrs. Riley are residents of Indiana, and all medical treatment related to their claims occurred in Indiana. Mrs. Riley began suffering from incontinence in the late 1990s. In 2003, Mrs. Riley consulted with her urologist, Dr. Kannan Manickam, regarding her symptoms.  After discussing her options

with Dr. Manickam, Mrs. Riley decided to undergo a transobturator sling procedure. Dr. Manickam implanted ObTape in Mrs. Riley on February 13, 2004.

During a follow-up visit after the surgery, Dr. Manickam noticed a small vaginal erosion of the ObTape, but he did not see any signs of an infection. According to Mrs. Riley, Dr. Manickam did not tell Mrs. Riley about the erosion. S. Riley Dep. 93:12-22, ECF No. 44-5. At some point, Mrs. Riley began to experience some bleeding, and she visited her OB/GYN, Dr. Jason Heaton. Dr. Heaton diagnosed Mrs. Riley with high grade cervical dysplasia, and he performed a procedure to treat it on January 23, 2006. During the procedure, Dr. Heaton noted palpable tape below Mrs. Riley's urethra. Dr. Heaton told Mrs. Riley that her bladder was pushing through the sling and that the ObTape would need to be removed. During the same timeframe, Mrs. Riley attempted to conduct internet research on bladder slings. In March of 2006, Dr. Manickam surgically removed Mrs. Riley's ObTape. Mrs. Riley asserts that she did not suspect that ObTape might be defective until she saw a television ad regarding ObTape complications in 2011.

The Rileys filed their Complaint in the United States District Court for the Northern District of Illinois on October 13, 2011. *See generally* Compl., ECF No. 1 in 4:11-cv-5075. Mrs. Riley asserts tort-based claims for negligence, strict

liability/defective design, strict liability/manufacturing defect, strict liability/failure to warn, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. Mrs. Riley also asserts contract-based claims for breach of implied warranty and breach of express warranty. Mr. Riley asserts a claim for loss of consortium.

## DISCUSSION

The Judicial Panel on Multidistrict Litigation transferred the Rileys' diversity action from the United States District Court for the Northern District of Indiana to this Court for pretrial proceedings. Therefore, the Court must apply the choice-of-law rules of Indiana, the transferor forum, to determine which state law controls. *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 732 (7th Cir. 2010); *see also Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 965 (11th Cir. 2000) ("Our system contemplates differences between different states' laws; thus a multidistrict judge asked to apply divergent state positions on a point of law would face a coherent, if sometimes difficult, task.") (internal quotation marks omitted).

In this case, the Rileys' injuries occurred in Indiana, and Indiana is the forum where they brought their action. The Rileys and Mentor agree that Indiana law applies to the Rileys' claims. *See Alli v. Eli Lilly & Co.*, 854 N.E.2d 372, 376 (Ind. Ct. App. 2006) (discussing Indiana's choice-of-law analysis and

4

noting that the substantive law of the state where the injury occurred generally applies).  Neither side has suggested that another state's law applies, and the Court will therefore apply Indiana law.

Indiana's Product Liability Act governs all actions brought by a consumer against a manufacturer "for physical harm caused by a product[,] regardless of the substantive legal theory or theories upon which the action is brought."  Ind. Code § 34-20-1-1.  Mentor asserts, and the Rileys agree, that the Rileys' tort-based claims should be merged into a single statutory claim under the Indiana Product Liability Act.  Therefore, the following claims will be merged and considered as a single claim: negligence, strict liability/defective design, strict liability/manufacturing defect, strict liability/failure to warn, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, and loss of consortium.

Turning to Mrs. Riley's contract-based claims for breach of warranty, Mentor argues that these claims fail for two reasons.  First, Mentor contends that Mrs. Riley cannot establish vertical privity as required under Indiana law.  Mentor, however, raised this argument for the first time in its reply brief, so it is not properly before the Court.  *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984).  Second, Mentor asserts that Mrs. Riley's warranty claims are actually tort-based claims, not

5

contract-based claims. Def.'s Mem. in Supp. of Mot. for Summ. J. 4 n.3, ECF No. 43-1. Mentor further suggests that even if the warranty claims are considered to be contract-based claims, they are barred by the applicable statute of limitations. *Id.* Though Mentor only raised these arguments in a footnote to its summary judgment brief, Mrs. Riley did respond to the arguments in a footnote. It is perplexing that the parties chose to bury these potentially dispositive issues in footnotes. Notwithstanding this stealth approach, these issues did not escape the Court's attention, and the Court will address them.

As noted above, Indiana's Product Liability Act governs all actions brought by a consumer against a manufacturer "for physical harm caused by a product[,] regardless of the substantive legal theory or theories upon which the action is brought." Ind. Code § 34-20-1-1. Nonetheless, "adoption of the Products Liability Act did not vitiate the provisions of" Indiana's Uniform Commercial Code. *Hitachi Const. Mach. Co. v. AMAX Coal Co.*, 737 N.E.2d 460, 465 (Ind. Ct. App. 2000) (internal quotation marks omitted). "The Product Liability Act governs product liability actions in which the theory of liability is negligence or strict liability in tort, while the UCC governs contract cases which are based on breach of warranty." *Id.* (internal quotation marks omitted). "If a cause of action is actually one for negligence or strict liability,

6

but has been couched in terms of breach of warranty under the UCC solely to avoid the shorter statute of limitations under the Product Liability Act, the statute of limitations under the Product Liability Act will apply." *B&B Paint Corp. v. Shrock Mfg., Inc.*, 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991). Here, Mrs. Riley asserts that ObTape was unsafe for its intended use and was not of merchantable quality. Compl. ¶¶ 65, 68-72. For purposes of the pending motion, the Court treats these claims as contract-based claims under Indiana law.

Under Indiana law, a breach of warranty claim "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Ind. Code § 26-1-2-725(2) [hereinafter § 725(2)]. "A breach of warranty occurs when tender of delivery is made." *Id.* There is an exception to this general rule: "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered." *Id.* On its face, the discovery rule applies only to express warranties that explicitly extend to future performance. *Id.; accord Tolen v. A.H. Robins Co.*, 570 F. Supp. 1146, 1154 (N.D. Ind. 1983). Here, Mrs. Riley did not point the Court to evidence of an express warranty for ObTape that explicitly extends to future performance. Therefore, the discovery rule of § 725(2) does not

7

apply, and Mrs. Riley's warranty claims are barred unless she can establish that the statute of limitations was tolled for some reason.

Mrs. Riley contends that Mentor fraudulently concealed its breach of warranty, thereby tolling the statute of limitations. Under Indiana Code § 34-11-5-1, "If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action." *Id.* "The law narrowly defines concealment, and generally the concealment must be active and intentional." *Olcott Int'l & Co. v. Micro Data Base Sys., Inc.*, 793 N.E.2d 1063, 1072 (Ind. Ct. App. 2003). "[A] plaintiff must show that the wrongdoer was not simply silent but committed affirmative acts designed to conceal the cause of action." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1372 (7th Cir. 1995) (applying Indiana law). "The affirmative acts of concealment must be calculated to mislead and hinder a plaintiff from obtaining information by the use of ordinary diligence, or to prevent inquiry or elude investigation." *Olcott Int'l*, 793 N.E.2d at 1072 (internal quotation marks omitted). "There must be some trick or contrivance intended by the defrauder to exclude suspicion and prevent inquiry." *Id.* (internal quotation marks omitted). "Mere lack of knowledge of a cause of action is not

enough to constitute concealment and toll the running of the statute." *Id.* (internal quotation marks omitted). "A plaintiff bears the burden of proving that a statute of limitations should be tolled, which includes demonstrating the use of reasonable care and diligence to detect the alleged cause of action." *Id.*; *accord Horn*, 50 F.3d at 1372 (noting that a plaintiff "must demonstrate that he exercised reasonable care and due diligence to discover the fraud").

Here, Mrs. Riley essentially argues that because Mentor sold ObTape to her doctor and continued selling it until 2006 without disclosing certain complication rates that Mentor had allegedly discovered, the statute of limitations should be tolled due to fraudulent concealment. Mrs. Riley did not, however, point to any evidence that Mentor took affirmative acts to prevent Mrs. Riley from knowing of a potential connection between ObTape and her injuries. The record is simply devoid of any evidence from which a reasonable jury could conclude that Mentor fraudulently prevented Mrs. Riley from discovering a connection between ObTape and her symptoms such that the statute of limitations should be tolled. As discussed above, "[a] breach of warranty occurs when tender of delivery is made." § 725(2). Therefore, any breach of warranty occurred no later than the date Mrs. Riley was implanted with ObTape—February 13, 2004. Mrs. Riley filed this action more than four years later,

9

on October 13, 2011, so her warranty claims are time-barred, and Mentor is entitled to summary judgment on these claims.

CONCLUSION

Mentor's Motion for Partial Summary Judgment (ECF No. 43 in 4:11-cv-5075) is granted.  Mrs. Riley's warranty claims are time-barred, so the Court grants Mentor's summary judgment motion as to those claims.  Mr. and Mrs. Riley's remaining tort-based claims will be considered as a single claim under the Indiana Product Liability Act.

IT IS SO ORDERED, this 14th day of February, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
